UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF FLORIDA

CASE NO.: 15-CV-62595-JEM

CHRISTOPHER HANSEN,
        *Plaintiff,*
v.

YE OLE DUG OUT, INC,
        *Defendant.*
_____/

## DEFENDANTS MOTION TO DISMISS COMPLAINT

Defendant YE OLE DUGOUT, INC, by and through undersigned counsel, pursuant to Federal Rule of Civil Procedure 12 and 7.1 Local Rules of the United States District Court for the Southern District of Florida, file this Motion to Dismiss Plaintiff's Complaint ("Complaint") as follows:

## MOTION

### I.    Background

1. The Complaint seems to arise from an *alleged* violation of the Americans with Disabilities Act, 12 USC section 12181.   The Complaint purports to set forth that Plaintiff attempted to enter into the YE OLE DUG-OUT and encountered barriers to access at the facility.

2. The Plaintiff's Complaint remains silent as to when this event occurred.   Plaintiff's Complaint fails to state a cause of action in this regard.

3. Defendant YE OLE DUG-OUT, INC went out of business in 2015 and has been evicted from the premises.

4. The Complaint fails to provide even a basic set of facts upon which notice can be perceived or grounds upon which the claim rests.

5. The allegations of the Complaint do not support a cognizable claim;

6. The Complaint is insufficient to meet the Notice requirement of law;

7. The Complaint fails to provide adequate notice of what the claim is and the grounds upon which it rests;

8. The Complaint fails to state a claim upon which relief can be granted;

9. The Complaint is legally insufficient;

10. The Complaint contains <u>only</u> conclusory allegations which are not sufficient to allege a claim;

11. The Complaint is not supported by <u>any</u> facts;

12. The Complaint fails to state a *prima facie case* and does not allege the elements sufficient to state a claim;

13. The Complaint fails to allege either directly or indirectly all the elements necessary and material to state a claim upon which relief can be granted;

14. The Complaint is *vague*.

15. Based upon the foregoing the Complaint must be dismissed.

## <u>MEMORANDUM OF LAW</u>

**II.     <u>Argument</u>**

16. The burden is on plaintiff to allege all the facts sufficient to state all the elements of a claim, *i.e.*, a *prima facie* case a standard of proof distinct from a cause of action. *See,* <u>Bass v. E.I. Dupont De Nemours Co,</u> 324 F. 3d at 765 (4th Cir. 2003)(emphasis added); *see* <u>Dickson v. Microsoft Corp.,</u> 309 F. 3d 193, 213 (4th. Cir. 2002)("[T]he Supreme Court's holding in <u>Swierkiewicz v. Sorema</u> did not alter the basic pleading requirement that a plaintiff set forth **facts sufficient** to allege each element of his claim."). The instant action contains

merely unwarranted inferences that do not provide support for a statement of claim.

17. Thus, the liberal pleading rules require that the averments of the complaint *sufficiently* establish a basis for judgment against the defendant. *See,* Yamaguchi v. United States Department of the Air Force, 109 F. 3d 1474 (9th Cir. 1997).

18. The Plaintiff herein has not established the basis for a judgment against the Defendant.

19. Allowing a Plaintiff to forgo stating all the facts and material elements necessary to state a cause of action, as well as, any indication of the economic loss and/or the proximate cause of the loss, would bring about the very sort of harm the statutes and courts seek to avoid, namely, the abusive practice of filing lawsuits with *only* the faint hope that discovery might lead to some plausible cause of action.     *See,* Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S. Ct. 1627 (2005) *also,* Cf. H. R. Conf. Rep. No. 104-369, at p. 31 (criticizing "abusive" practices including "the routine filing of lawsuits..... with *only* [a] faint hope that discovery process might lead eventually to some plausible cause of action"). It would permit a plaintiff "with a largely groundless claim to simply take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the [discovery] process will reveal relevant evidence." *See,* Blue Chip Stamps v. Manor Drug Stores, 421 U.S. 723 (1975), at 741.

20. The plaintiff in the instant action has not set forth *any* facts or elements to state a claim. Here, the Plaintiff merely seeks to use the discovery process as a fishing expedition.

**III.    Conclusion**

21. The Complaint in the instant action, fails to satisfy the most basic pleading requirements.

3

The Defendant fails to state a cause of action upon which relief can be granted.  The Complaint within this action is *fatally* flawed as it is so *vague* that it does not set forth any elements or facts sufficient to provide Defendants' with adequate notice of the claims and to establish a cognizable claim upon which relief can be granted.

For the foregoing reasons set forth at Argument the Defendant is entitled to dismissal of all claims.

Dated: April 18, 2016.

Respectfully submitted,

Rose Marie But, Esq.
Florida Bar No.: 63249
Email: rosebutelaw@gmail.com
LAW OFFICE OF ROSE BUT
P.O. Box 1714
Pompano Beach, Florida 33061
Tel: (954) 501-1981

By:      /s/ Rose Marie But_____
          Attorney for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Electronic Mail to Lauren Wassenberg Esq. at lwassenberg@gmail,com on this April 18, 2016.

By:      /s/ Rose Marie But_____

Rose Marie But, Esq.
Florida Bar No.: 63249